IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| **WUDAY THOMAS,** ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> **SYNEOS HEALTH,** ) <br> ) <br> Defendants. ) <br> ) | Case No. 2:22-cv-02591-JTF-cgc |

## ORDER ADOPTING MAGISTRATE JUDGE'S
## REPORT AND RECOMMENDATION AND DISMISSING CASE

Before the Court is Defendant Syneos Health's Motion to Dismiss Plaintiff's Complaint filed on September 28, 2022. (ECF No. 8.) Pursuant to Administrative Order 2013-15, the Magistrate Judge was assigned to handle all pre-trial matters via order or report and recommendation as appropriate. The Magistrate Judge entered a Report and Recommendation ("R & R") on December 9, 2022, advising the Court to grant the motion and dismiss Plaintiff Wuday Thomas's complaint due to failure to prosecute. (ECF No. 13.) Thomas filed no objections and his opportunity to do so has passed. *See* 28 U.S.C. § 636(b)(1); LR 72.1(g)(2) (objections must be filed within fourteen (14) days after being served a copy of the R & R). For the following reasons, the R. & R. should be **ADOPTED**, and Thomas's claims **DISMISSED** for failure to prosecute.

Congress passed 28 U.S.C. § 636(b) "to relieve some of the burden on the federal courts by permitting the assignment of certain district court duties to magistrates." *United States v. Curtis*, 237 F.3d 598, 602 (6th Cir. 2001). Pursuant to the provision, magistrate judges may hear and

determine any pretrial matter pending before the Court, except various dispositive motions. 28 U.S.C. § 636(b)(1)(A). Upon hearing a pending matter, "the magistrate judge must enter a recommended disposition, including, if appropriate, proposed findings of fact." Fed. R. Civ. P. 72(b)(1); *see also Baker v. Peterson*, 67 F. App'x 308, 310 (6th Cir. 2003). Any party who disagrees with a magistrate's proposed findings and recommendation may file written objections to the report and recommendation. Fed. R. Civ. P. 72(b)(2). However, "[w]hen no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b) advisory committee notes. The district court is not required to review, and indeed "should adopt[,] the findings and rulings of the Magistrate Judge to which no specific objection is filed." *Brown v. Bd. of Educ. of Shelby Cty. Sch.*, 47 F. Supp. 3d 665, 674 (W.D. Tenn. 2014) (citing *Thomas v. Arn*, 474 U.S. 140, 149 (1985)).

Here, Defendant filed a Motion to Dismiss on September 28, 2022. (ECF No. 8.) Thomas did not respond to the motion within the required time. The Magistrate Judge initially entered an Order to Show Cause ordering Thomas to respond and warning him that a failure to respond would lead to a recommendation of dismissing the case for lack of prosecution. (ECF No. 12.) Thomas did not respond to the Order to Show Cause. Accordingly, the Magistrate Judge entered a R & R recommending that the case be dismissed for lack of prosecution, noting that Thomas had taken no action in the case since filing the complaint and relying on the Court's inherent power to manage its docket. (ECF No. 13, 2.) Thomas did not object to the R & R despite receiving a copy. (ECF No. 14.) Thus, the Court need only review the R & R for clear error.

Upon review, the Court finds no clear error. The Magistrate Judge correctly noted that Federal Rule of Civil Procedure 41(b) allows the district court to *sua sponte* dismiss a case for lack of prosecution in this situation. Specifically, the Magistrate Judge stated that the Court generally

considers four factors for guidance in determining whether to dismiss a case for lack of prosecution: "(1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered." (ECF No. 13, 2) (citing *Knoll v. American Telephone & Telegraph Co.*, 176 F.3d 359, 363 (6th Cir.1999)). The Magistrate Judge found that all four factors weighed in favor of dismissal. Thomas has taken no action in the case since filing the complaint and was warned multiple times that a failure to respond to the Motion to Dismiss would lead to dismissal. Thomas then failed to file any objections to the R & R. After review of the R & R, the court finds no clear error in the Magistrate Judge's analysis and **ADOPTS** its findings.

## CONCLUSION

In the absence of any party objections and having satisfied itself that there is no clear error on the face of the record, the Court hereby **ADOPTS** the Magistrate Judge's Report and Recommendation and **DISMISSES** Plaintiff's complaint for failure to prosecute.

**IT IS SO ORDERED** this 28th day of December 2022.

*s/John T. Fowlkes, Jr.*
JOHN T. FOWLKES, JR.
United States District Judge

3